UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHNNY BEDGOOD, JR.,**

      Plaintiff,

v.                                       Case No: 6:22-cv-1449-CEM-EJK

**WASTE MANAGEMENT,**

      Defendant.

## ORDER

This cause comes before the Court on *pro se* Plaintiff's Motion to Request Entry of Default Judgment (the "Motion") (Doc. 19), filed March 8, 2023, which the Court construes as a Motion for Entry of Clerk's Default. Upon consideration, the construed Motion is due to be denied without prejudice.

### I. BACKGROUND

This is an employment discrimination case Plaintiff instituted against his former employer, "Waste Management," on August 15, 2022. (Doc. 1.) Plaintiff states in his Motion that he has made several attempts to serve Defendant, but has, to date, been unsuccessful at doing so. (Docs. 19 at 1; *see also* 11, 16, 18.)

### II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may

enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

The Court is not able to direct the Clerk of Court to enter a clerk's default against Defendant because Plaintiff has not yet effected service of process on Defendant. Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). Plaintiff may be able to find the exact name of his former employer and, in turn, its registered agent, at the Florida Division of Corporation's website,[1] by searching those records, if Defendant is a Florida entity or transacts business in this state.

Alternatively, a corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Therefore, if Defendant is a Florida entity or transacts business in this state, Plaintiff may effect service of process on Defendant by following Florida

---

[1] https://dos.myflorida.com/sunbiz/

law. Florida's service of process laws can be found in Chapter 48 of the Florida Statutes.[2] This chapter outlines how to serve various types of Florida entities. If Defendant is an entity organized under the laws of another state, Plaintiff should refer to the service of process rules in the state under which Defendant is organized.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Request Entry of Default Judgment (Doc. 19), construed as a Motion for Entry of Clerk's Default, is **DENIED WITHOUT PREJUDICE**. Plaintiff shall have **through and including June 5, 2023**, to effect service of process on Defendant.

**DONE** and **ORDERED** in Orlando, Florida on May 4, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] http://www.leg.state.fl.us/statutes/index.cfm?App_mode=Display_Statute&URL=0000-0099/0048/0048ContentsIndex.html